UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Kalilah Diane Brantley,

    Plaintiff

v.

American Airlines, Inc.,

    Defendant

Case No.: 2:24-cv-02246-JAD-NJK

**Order Granting in Part Defendant's Motion for Partial Dismissal with Leave to Amend by July 23, 2025**

[ECF No. 7]

    Kalilah Diane Brantley was terminated from her job at American Airlines after taking a voluntary leave during the COVID-19 pandemic.[1] Brantley filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice of her right to sue. She now sues American, alleging that she is a light-skinned, African-American woman with the disability or perceived disability of multiple sclerosis, and claiming that American terminated her employment, failed to accommodate her disability, subjected her to unequal terms and conditions, and retaliated against her, thereby violating Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 (the ADA).[2]

    American concedes that Brantley's ADA retaliation claim should stand, but it moves to dismiss every other claim under Federal Rule of Civil Procedure 12(b)(6) for lack of factual allegations or as barred by the failure to exhaust administrative remedies.[3] I find that Brantley's failure-to-accommodate claim is barred by her failure to raise it during the EEOC proceedings, so I grant the motion to dismiss it with prejudice. And because Brantley doesn't plead sufficient

---

[1] ECF No. 3 at 5.

[2] *Id.* at 4.

[3] ECF No. 7.

facts in her complaint to support her claims for discrimination or Title VII retaliation, I dismiss those claims with leave to amend by July 23, 2025, if she can cure these deficiencies.

**Discussion**

When evaluating a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[4] Federal pleading standards require a plaintiff's complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[5] "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."[6]

The plaintiff must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory," and a complaint that fails to meet this standard must be dismissed.[7] But the United States Supreme Court has consistently held that pro se pleadings are "to be liberally construed."[8] A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."[9]

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).
[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[6] *Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).
[7] *Id.*
[8] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted); *Sause v. Bauer*, 585 U.S. 957, 960 (2018).
[9] *Estelle*, 429 U.S at 106 (cleaned up).

A.  **American's timeliness arguments fall short, but it does establish that Brantley's failure-to-accommodate claim is barred because it is outside the scope of her charge of discrimination.**

Brantley dual-filed her charge of discrimination with the EEOC and the Nevada Equal Rights Commission (NERC) on October 3, 2022.[10] In that charge, she stated that "on or about October 2021, I am aware the employer began to bring employees back to work but I was never given a return-to-work notice."[11] She also reported that supervisor Lynnette Palepoi had "discharged employees of the LGBT community" and had expressed in text messages that she was "dying to get rid of" Brantley.[12] Brantley charged that she had been discriminated against on the basis of her race, color, and disability, and that she had lost her job as retaliation for engaging in an unspecified protected activity.[13]

American argues that any claims based on its failure to return Brantley to work are time-barred because Brantley alleges that she learned on October 31, 2021, at the latest that she would not be returning to work.[14] It also avers that her gender-discrimination and failure-to-accommodate claims are barred as beyond the factual scope of her charge of discrimination.[15] Brantley insists that administrative remedies were exhausted for all of her claims, but her arguments on this point are entirely focused on perceived inadequacies of the administrative process and American's alleged "collusion" with Teamsters Union 968.[16]

---

[10] ECF No. 3-3.
[11] *Id.* at 1 (cleaned up).
[12] *Id.*
[13] *Id.* at 2.
[14] ECF No. 7 at 5.
[15] *Id.* at 6.
[16] ECF No. 12 at 4–5.

       1.      *Brantley's return-to-work allegations don't render any of her claims time-barred.*

"In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies."[17] The Ninth Circuit has held that a Title VII claimant failing to comply with administrative procedures "prevents exhaustion and precludes judicial review."[18] Generally, Title VII discrimination claims must be filed with the EEOC within 180 days of the alleged discriminatory event.[19] The filing deadline can be extended to 300 days if the claimant "initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings."[20]

American concedes that the longer 300-day limitations period applies, but it argues that "to the extent Brantley intends to bring claims" related to American failing to return her to work, they are time-barred because Brantley alleges that she learned that American would not be returning her to work in October 2021, almost a full a year before she filed her charge.[21] But this timeliness argument relies on a too-narrow interpretation of Brantley's allegations. Brantley asserts in her charge of discrimination that American "began to bring employees back from work" in October 2021.[22] American *starting* to return employees to work in October does not mean that Brantley learned that month that she would not be returning to work. According to her charge of discrimination, Brantley didn't see her job being "advertised" until June 2022.[23] It

---

[17] *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001).
[18] *Id.* at 709.
[19] 42 U.S.C. § 2000e-5(e)(1).
[20] *Id.*; *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).
[21] ECF No. 7 at 5.
[22] ECF No. 3-3 at 1.
[23] *Id.*

thus can be inferred that it wasn't until June 2022 that she discovered she would not be returning, and that date falls within the limitations period. So American's assertion that Brantley must have learned in October 2021 that she wouldn't be returning to work assumes too much to compel the dismissal of any of her claims at this juncture.

       2.       *Brantley's failure-to-accommodate claim is outside the scope of her charge, but her gender-discrimination claim is reasonably related to her original allegations.*

As for the scope of Brantley's charge, American contends that Brantley cannot bring gender-discrimination or failure-to-accommodate-a-disability claims because her charge of discrimination doesn't mention gender and affirmatively states that American did accommodate her.[24] "Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge."[25] Courts "should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case."[26] In the Ninth Circuit, "subject[-]matter jurisdiction extends over all allegations of discrimination that either 'fell within the scope of the EEOC's actual investigation or an EEOC investigation [that] can reasonably be expected to grow out of the charge of discrimination.'"[27] Courts "construe the language of EEOC charges with utmost liberality since they are made by those unschooled in the technicalities of formal pleading."[28]

---

[24] ECF No. 7 at 6. Brantley doesn't appear to respond to this argument. *See* ECF No. 12.

[25] *Green v. L.A. Cnty. Superintendent of Schs*, 883 F.2d 1472, 1476 (9th Cir. 1989) (cleaned up).

[26] *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002), *abrogated on other grounds by Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541 (2019).

[27] *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002).

[28] *B.K.B.*, 276 F.3d at 1100.

Brantley alleges in her charge that she "requested a reasonable accommodation" and that she "was accommodated."[29] Expressly stating that American complied with her reasonable-accommodation request is squarely inconsistent with a failure-to-accommodate claim arising from the allegations in this charge. So I dismiss the failure-to-accommodate claim as barred because she did not raise that claim in her EEOC charge.

While the charge doesn't include the buzzword "gender," it does reference text messages between Brantley's supervisor Palepoi and a former manager that showed a desire to "get rid of" Brantley and a practice of discharging "employees of the LGBT community."[30] Construing these allegations with "utmost liberality" as the Ninth Circuit requires, they could be reasonably related to a gender-based claim. As the United States Supreme Court has recognized, sexual-orientation-based employment discrimination is unavoidably based on sex and is thus prohibited by Title VII.[31] So I decline to dismiss Brantley's gender-discrimination claim as beyond the scope of the charge.

### B. The factual allegations in Brantley's complaint are insufficient to meet the essential elements of her remaining claims.

The dismissal of Brantley's failure-to-accommodate claim leaves claims for disability discrimination in violation of the Americans with Disabilities Act (ADA), race, color, and gender discrimination prohibited by Title VII, and both Title VII and ADA retaliation. American does not seek dismissal of Brantley's ADA retaliation claim, but it argues that all the others should be dismissed for insufficient factual support.[32]

---

[29] ECF No. 3-3 at 1–2.
[30] *Id.* at 1.
[31] *Bostock v. Clayton Cnty.*, 590 U.S. 644, 656 (2020).
[32] ECF No. 7.

### 1. *Brantley cannot claim disability discrimination without alleging that she is disabled within the meaning of the ADA.*

To state a prima facie disability-discrimination claim under the ADA, a plaintiff must show "(1) that she is disabled within the meaning of the ADA; (2) that she is a qualified individual with a disability; and (3) that she was discriminated against because of her disability."[33] The ADA defines disability "with respect to an individual" as "a physical or mental impairment that substantially limits one or more major life activities of such individual; [] a record of such an impairment; or [] being regarded as having such an impairment."[34] So to satisfy the first element of a disability-discrimination claim, a plaintiff must allege that she has a disability that hinders major life activities, has a record of such a disability, or that her employer viewed her as disabled.

American argues that Brantley hasn't pled a plausible disability-discrimination claim because she doesn't allege that she is disabled within the meaning of the statute, that she was qualified to perform the essential functions of her job if reasonably accommodated, or that she ever experienced an adverse employment action.[35] Though Brantley attempts to expand her allegations by supplying new facts in her response brief,[36] the complaint alleges only that Brantley's disability or perceived disability is multiple sclerosis.[37] The words "multiple sclerosis," without any explanation of how this condition limits her activities or whether it is instead a past or perceived condition, falls short of satisfying the first element of the claim. So I

---

[33] *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).
[34] 42 U.S.C. § 12102(1).
[35] ECF No. 7 at 6–8.
[36] *See* ECF No. 12 at 5–10.
[37] ECF No. 3 at 4.

7

dismiss Brantley's ADA disability-discrimination claim because her complaint lacks the facts necessary to state such a claim.

        2.     *Brantley also hasn't pled a plausible Title VII discrimination claim.*

Brantley's complaint also contains a Title VII discrimination claim on the theory that American discriminated against her because she is a light-skinned, African-American woman.[38] She alleges that "documentation was supplied to corporate" that she believed would prove that she had been "singled out," but that she was instead "made to be the aggressor" and discharged.[39] American maintains that Brantley hasn't plausibly pled race, color, or gender discrimination because she relies on conclusory allegations rather than factual allegations from which "an inference [of] race, color, or gender discrimination could be drawn."[40]

To establish a prima facie case of discrimination in violation of Title VII, an employee must show that she (1) belongs to a class protected by Title VII; (2) performed her job satisfactorily; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who do not belong to the same protected class.[41] Brantley's complaint basically skips the second and fourth prongs. While she identifies herself as a member of protected class and alleges that she was terminated from her job, the complaint is silent on her job performance and whether American treated similarly situated coworkers outside of those protected class differently.[42] Because Brantley's allegations do not meet those essential elements, I dismiss her Title VII discrimination claims.

---

[38] *Id.*

[39] *Id.* at 5 (cleaned up).

[40] ECF No. 7 at 9.

[41] *Hawn v. Exec. Jet Mgmt., Inc.,* 615 F.3d 1151, 1156 (9th Cir. 2010).

[42] *See* ECF No. 3 at 4–5.

### 3. *Brantley's Title VII retaliation claim fails for lack of protected-activity allegations.*

Brantley also purports to assert a Title VII retaliation claim.[43] Title VII prohibits employers from discriminating against an employee "because [s]he has opposed any practice made an unlawful employment practice by [Title VII], or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."[44] To establish a prima facie case of retaliation in violation of Title VII, an employee must show (1) that she engaged in a protected activity; (2) that she suffered an adverse employment action; and (3) "a causal link exists between the protected activity and the adverse action."[45] American moves to dismiss Brantley's Title VII retaliation claim, arguing that she fails to allege that she engaged in a protected activity or that such an activity caused her termination.[46]

Brantley's failure to allege that she engaged in a protected activity is fatal to this claim. The phrasing of Brantley's allegation that "documentation was supplied to corporate that I believed would assist to evidence of my being singled out"[47] makes it unclear whether Brantley herself submitted documentation to American and, if she did, whether it addressed a form of singling-out that violated Title VII. Because her complaint doesn't allege facts showing that she engaged in activity that could be considered statutorily protected conduct, Brantley's Title VII retaliation claim is dismissed.

---

[43] *See id.* at 3–4.
[44] 42 U.S.C. § 2000e-3(a).
[45] *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).
[46] ECF No. 7 at 9–10.
[47] ECF No. 3 at 5 (cleaned up).

**C.     Brantley is granted leave to file an amended complaint.**

FRCP 15(a) advises that "leave [to amend] shall be freely given when justice so requires."[48] The Ninth Circuit has a "longstanding rule that leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect,"[49] which it has noted is "particularly important for the pro se litigant."[50] But, even for pro se plaintiffs, leave to amend is not always appropriate. The Ninth Circuit has held that when "any amendment would be futile, there [is] no need to prolong the litigation by permitting further amendment."[51]

Brantley's claim based on American's failure to accommodate her disability is beyond the scope of her charge of discrimination and thus barred for lack of administrative exhaustion. So allowing Brantley to amend her allegations on this claim would be futile. But because it does not yet appear that allowing Brantley the opportunity to amend on her other claims would be futile, I grant her leave to file an amended complaint by July 23, 2025, if she can allege true facts that correct the shortcomings of her initial complaint. In this amended complaint, Brantley can reallege all the claims brought in her original complaint *except* for her failure-to-accommodate claim, and she must add the facts necessary to establish all the elements of these claims. Brantley is advised that conclusory allegations like "I engaged in a protected activity," without concrete factual details to support such a conclusion, will not survive a second motion to dismiss.

---

[48] Fed. R. Civ. P. 15(a).

[49] *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (cleaned up).

[50] *Id.* at 1131 (cleaned up).

[51] *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

**Conclusion**

IT IS THEREFORE ORDERED that defendant American Airlines' motion for partial dismissal **[ECF No. 7] is GRANTED in part.  Plaintiff's failure-to-accommodate claim is dismissed with prejudice and without leave to amend; her claims for disability, race, color, and gender discrimination and Title VII retaliation are dismissed without prejudice and with leave to file an amended complaint by <u>July 23, 2025</u>.**  If Brantley fails to file a proper amended complaint by this deadline, this case will proceed on her ADA retaliation claim only.

_____
U.S. District Judge Jennifer A. Dorsey
July 3, 2025

11