# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KALILAH DIANE BRANTLEY,<br>　　Plaintiff,<br>v.<br>AMERICAN AIRLINES, INC.,<br>　　Defendants. | Case No. 2:24-cv-02246-JAD-NJK<br>**Order**<br>[Docket No. 22] |

Pending before the Court is a stipulation to extend the discovery cutoff by 60 days. Docket No. 22.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. This analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The stipulation fails to persuade the Court that good cause exists. The gist of the stipulation is that resolution of a motion to dismiss, and the decision not to amend, has narrowed the relevant issues in the case. Docket No. 22 at 2. Of course, the mere pendency of that motion to dismiss was not grounds to delay discovery, *cf. Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011), and the stipulation fails to explain why having fewer live issues in the case would translate to needing more time for discovery. The stipulation otherwise indicates that Plaintiff's deposition needs to be taken and some issues in the earlier discovery responses need to be ironed out, *see* Docket No. 22 at 2, but no showing is made as to why that cannot be done in the three weeks left in the discovery period. Lastly, the stipulation references settlement discussions, but the existence of settlement discussions is not generally ground to modify case management deadlines, *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1181 (D. Nev. 2022), and (again) it is not clear why those discussions cannot take place before the current discovery cutoff.

In short, good cause to extend the discovery cutoff has not been shown. Given Plaintiff's *pro se* status and the fact that the request is made jointly, however, the Court will allow a 30-day extension as a <u>one-time</u> courtesy. To be clear, the parties must advance their discovery efforts now with appropriate diligence, as similar leniency should not be expected moving forward.

Accordingly, the stipulation to extend is **GRANTED** in part and **DENIED** in part. Case management deadlines are **RESET** as follows:

- Amend pleadings/ add parties: closed
- Initial experts: closed
- Rebuttal experts: closed
- Discovery cutoff: September 25, 2025
- Dispositive motions: October 27, 2025
- Joint proposed pretrial order: November 26, 2025, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: August 6, 2025

_____
Nancy J. Koppe
United States Magistrate Judge